**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEAY D. RACY, | Case No.: 1:26-cv-00646-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | |
| Respondent. | [21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California.  He filed the instant federal petition on January 26, 2026, challenging his sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.      PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.    BACKGROUND

On August 16, 2021, Petitioner was sentenced in the United States District Court for the Western District of Missouri to a total term of imprisonment of 268 months after entering a guilty plea to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(ii). United States v. Racy, Case No. 4:19-cr-00116-HFS (W.D. Mo. 2019).

On August 24, 2022, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. Id., (Doc. 44.) On October 6, 2022, the District Court dismissed the motion without prejudice. Id., (Doc. 46.)

On April 1, 2024, Petitioner filed a motion to withdraw his plea. Id., (Doc. 48.) On July 30, 2024, the Missouri District Court denied the motion in a reasoned decision. Id., (Doc. 56.)

On January 26, 2026, Petitioner filed the instant habeas petition in this Court. Petitioner claims he was given an illegal sentence. He further claims the jury was presented with an overbroad Hobbs Act robbery offense. He contends the district court did not have jurisdiction to try him on a Hobbs Act charge. Finally, he claims Hobbs Act robbery is not a crime of violence under statute.

## III.    DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; accord Marrero, 682 F.3d at 1192.

Here, Petitioner fails on both prongs. First, he does not claim actual innocence for purposes of bringing a § 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). In this case, Petitioner admits to the various charges to which he pled guilty. (Doc. 1 at 10.)

3

Second, Petitioner cannot demonstrate that he was denied an unobstructed procedural shot at presenting his claims. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quotations omitted); see also Jones, 599 U.S. at 477-78 (holding § 2241 is not available for collateral attacks on federal sentences based on intervening changes in statutory interpretation because § 2255(h) only allows second and successive § 2255 motions that rely on "newly discovery evidence" or "a new rule of constitutional law").

Here, Petitioner raised his various claims, or variations thereof, before the sentencing court in his motion to reduce the sentence. Racy, Case No. 4:19-cr-00116-HFS (Doc. 56.)  The sentencing court denied Petitioner's claims. Id. In addition, the factual bases for his claims were available at the time the Missouri District Court dismissed his Section 2255 motion and his motion to reduce the sentence. United States v. Taylor, 596 U.S. 845 (2022), which Petitioner cites as the basis for his claims, was decided on June 21, 2022. Petitioner § 2255 motion was filed on August 24, 2022, and was dismissed on October 6, 2022.

In addition, the mere fact that Petitioner's prior Section 2255 motion was unsuccessful does not make Section 2255's remedy inadequate or ineffective to test the legality of his conviction. See Lorentsen, 223 F.3d at 953 (explaining § 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (rejecting contention that § 2255 is inadequate or ineffective merely because prisoner's § 2255 motion might be procedurally barred). Moreover, the sentencing court rejected Petitioner's claim on the merits. The Court further notes that Petitioner's first § 2255 motion to vacate was dismissed without prejudice to refiling. Accordingly, the petition does not demonstrate that Petitioner was denied an unobstructed procedural shot at presenting his claims. The petition does not qualify for the savings clause and should be dismissed.

/////

/////

**IV.     ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**V.      RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 29, 2026**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE